THE ATTORNEY GENERAL
OF TEXAS

September 17, 1965

Overruled by H-403

Honorable James N. Ludlum
Commissioner
Texas Aeronautics Commission
411 West Sixteenth Street
Austin, Texas

Opinion No. C-511

Re: Whether the Texas
Aeronautics Com-
mission is authorized
to loan or grant
funds for the pur-
pose of construction,
repair or improve-
ment of airports on
leased land.

Dear Sir:

You have requested an opinion concerning whether
the Texas Aeronautics Commission may loan or grant
funds for the purpose of construction, repair or improve-
ment of airports on leased land, and if so, under what
conditions, if any. You point out that the Texas
Aeronautics Commission has been authorized under H.B.
12 and H.B. 43 of the 59th Legislature to loan or grant
money to Texas communities for the construction, repair
or improvement of airports.

H.B. 43 (Acts 59th Leg., 1965, Ch. 196, p. 397)
amends Article 46c-6, Vernon's Texas Civil Statutes, by
adding a new subdivision to read as follows:

"Subdivision 10. When in the discretion
of the Commission the public interest will
best be served; and the governmental function
of the State or its political subdivisions
relative to aeronautics will best be discharged,
it may grant or loan funds, appropriated to
it for that purpose by the Legislature, to any
incorporated city, town or village in this
State for the establishment, construction,
reconstruction, enlargement or repair of air-
ports, airstrips or air navigational facilities.

Provided that any such funds must be expended
by the city, town or village for the purpose
provided herein and in conformity with the laws
of this State and with the rules and regulations
which the Commission is hereby authorized to
promulgate."

The Subdivision further provides that the Commission,
before approving such grant or loan, shall require, among
other things, that "(1) The airport or facility remain
in the control of the political subdivision or political
subdivisions involved for at least twenty (20) years,
. . ." (Emphasis added)

The general appropriation bill (H.B. 12, Acts 59th
Leg. 1965) appropriated funds for such purposes.

Obviously, Subdivision 10 contemplates that the land
upon which these installations are to be made shall be
owned by the municipality or leased by it for a minimum
of twenty years.

The basic question which must be answered in
connection with these statutes is whether the use of
public funds for the improvement of privately owned
land (which is merely leased to the municipality)
constitutes a grant of public funds or credit within the
meaning of Sections 50, 51 or 52 of Article III or
Section 6 of Article XVI of the Constitution of Texas.
The pertinent portions of these constitutional provisions
are as follows:

"Sec. 50. The Legislature shall have no
power to give or lend, or to authorize the
giving or lending, of the credit of the State
in aid of, or to any person, association or
corporation, whether municipal or other, or
to pledge the credit of the State in any
manner whatsoever, for the payment of the
liabilities, present or prospective, of any
individual, association of individuals,
municipal or other corporation whatsoever."

"Sec. 51. The Legislature shall have
no power to make any grant or authorize the
making of any grant of public moneys to any

individual, association of individuals, municipal
or other corporations whatsoever; . . ."

"Sec. 52. The Legislature shall have no
power to authorize any county, city, town or
other political corporation or subdivision
of the State to lend its credit or to grant
public money or thing of value in aid of, or
to any individual, association or corporation
whatsoever, . . ."

"Sec. 6. No appropriation for private or
individual purposes shall be made. . . ."

The question whether Sections 50 and 51 of Article III
absolutely prohibit the granting of State funds to muni-
cipal corporations gives us no trouble because it has been
settled that said provisions do not bar the granting of
state funds to municipal corporations for use in govern-
mental purposes. Shelby County v. Allred, 123 Tex. 77,
58 S.W.2d 164 (1934). Furthermore, Article 46d-15,
Vernon's Civil Statutes, a part of the Municipal Airport's
act, states in part:

"The acquisition of any land or interest
therein pursuant to this Act, the . . . construc-
tion . . . maintenance . . . and policing of
airports . . . are hereby declared to be public
and governmental functions. . . ."

and in Attorney General's Opinion No. C-202, dated
August 11, 1964, this office held that Section 51 of
Article III of the Constitution of Texas would not be
violated by the proposed amendment to Article 46c-6,
Vernon's Civil Statutes, so as to authorize the grant of
funds to incorporated cities for the construction of air-
ports and navigational facilities. This opinion was based
upon City of Corsicana v. Wren, 159 Tex. 202, 317 S.W.2d
516, 520 (1958), which sustained the constitutionality
of Article 46d-15, quoted in part above, and held that
the ownership and operation of an airport is a governmental
function.

However, the above mentioned opinion and court
decisions do not involve the question presented by your
request; that is, the use of public funds for the improve-
ment of privately owned land. It is clear that H.B. 43

quoted above contemplates the possible use of public funds to improve land belonging to individuals, associations or corporations other than municipal corporations. At the end of the twenty-year lease the improvements on the land will become the property of the owner of the fee. In our opinion, the term of the lease has nothing to do with the question of the authority of the State or municipality to use public funds to improve the land. The statutory provision now requiring a twenty-year lease may be amended at any time to require a one-year or a two-year lease. In any event, the question is the same.

The clear and unambiguous language in the above quoted constitutional provisions, in our opinion, renders invalid the above quoted statutory provisions to the extent that they authorize the expenditure of state or municipal funds to construct improvements on privately owned land, and, therefore, the Commission is not authorized to loan or grant State funds for such purposes.

If a municipality owns the fee title to the land, as distinguished from the mere leasehold interest in it, the prohibitions of the above quoted constitutional provisions would not apply.

## S U M M A R Y

H.B. 43 (Acts 59th Leg., 1965, Ch. 196, p. 397) and H.B. 12 (The General Appropriation Bill, Acts 59th Leg.) are unconstitutional to the extent that they provide for the grant of public money and to the extent that they appropriate public money to improve leased land, and, therefore, the Texas Aeronautics Commission is not authorized to loan or grant funds for the purpose of construction, repair or improvement of airports on leased land.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Honorable James N. Ludlum, page 5 (C-511 )

Ralph N. West
RALPH N. WEST
Assistant Attorney General

RRR:nr

APPROVED BY:

OPINION COMMITTEE

H. V. GEPPERT, CHAIRMAN
Dean Arrington
W. O. Shultz
Roger Tyler
Sam Kelly

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. WRIGHT